**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALFONZO BETHEA,<br><br>Plaintiff,<br>v.<br><br>CAMDEN COUNTY CORRECTIONAL FACILITY,<br><br>Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-08622 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Alfonzo Bethea, Plaintiff Pro Se
1033 N. 35th Street
Camden, NJ 08105

**SIMANDLE, Chief District Judge:**

1. Plaintiff Alfonzo Bethea seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Correctional Facility ("CCCF"). Complaint, Docket Entry 1.

2. Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. For the reasons set forth below, the Court will dismiss the complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4. To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

5. Plaintiff brings this action pursuant to 42 U.S.C. § 1983[1] for alleged violations of Plaintiff's constitutional rights. In order to set forth a *prima facie* case under § 1983, a

[1] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

plaintiff must show: “(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law.” *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo,* 446 U.S. 635, 640 (1980)).

6. Generally, for purposes of actions under § 1983, “[t]he term ‘persons’ includes local and state officers acting under color of state law.” *Carver v. Foerster*, 102 F.3d 96, 99 (3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To say that a person was “acting under color of state law” means that the defendant in a § 1983 action “exercised power [that the defendant] possessed by virtue of state law and made possible only because the wrongdoer [was] clothed with the authority of state law.” *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation omitted). Generally, then, “a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law.” *Id.* at 50.

7. Because Plaintiff has not sufficiently alleged that a “person” deprived him of a federal right, the complaint does not

---

[2] “Person” is not strictly limited to individuals who are state and local government employees, however. For example, municipalities and other local government units, such as counties, also are considered “persons” for purposes of § 1983. *See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

meet the standards necessary to set forth a *prima facie* case under § 1983. Plaintiff seeks monetary damages from CCCF for allegedly unconstitutional conditions of confinement. The CCCF, however, is not a "person" within the meaning of § 1983; therefore, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)). Because the claims against the CCCF must be dismissed with prejudice, the claims may not proceed and Plaintiff may not name the CCCF as a defendant.

8. Plaintiff may be able to amend the complaint to name a person or persons who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

9. Plaintiff is advised that the amended complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Plaintiff alleges he experienced unconstitutional conditions of confinement "many times from 1992 to 2016." Complaint § III. The fact section of the complaint states: "Over times I've been incarserated [sic] during these years I've been in 2 room cells full with 4 people and had to

bunk on the floor." *Id.* Plaintiff further states: "Skin rashes and boils [illegible] treated when released due to no treatment by the medical staff." *Id.* § V. Even accepting these statements as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

10. The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the dates and length of

the confinement(s), whether Plaintiff was a pretrial detainee or convicted prisoner, etc.

11. In addition, to the extent that Plaintiff seeks to allege a claim based on a violation of his right to adequate medical care, there are not enough facts to support an inference that Plaintiff’s rights were violated in this regard. In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). Plaintiff’s allegation that he did not receive treatment from the medical staff for his skin rashes and boils is insufficient to meet the pleading standard in the absence of additional facts. If he wishes to pursue this claim, Plaintiff should provide additional facts supporting both of the requirements in his amended complaint.

12. As Plaintiff may be able to amend his complaint to address the deficiencies noted by the Court,[3] the Court shall

[3] To the extent the complaint seeks relief for conditions Plaintiff encountered during confinements ending prior to November 18, 2014, those claims are barred by the statute of limitations and must be dismissed with prejudice. Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years

grant Plaintiff leave to amend the complaint within 30 days of the date of this order.

13. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and

---

of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). Plaintiff is unspecific regarding the dates of his confinement, stating only that he was confined "many times from 1992 to 2016." The allegedly unconstitutional conditions of confinement at CCCF, namely the overcrowded conditions and lack of medical care, would have been immediately apparent to Plaintiff at the time of his detention; therefore, the statute of limitations for some of Plaintiff's claims may have expired as early as 1994, well before this complaint was filed on November 18, 2016. In the event Plaintiff elects to file an amended complaint, he should focus on facts that occurred during confinements on or subsequent to November 18, 2014. Claims arising from periods of confinement ending prior to November 18, 2014, are barred by the statute of limitations, meaning that Plaintiff may not recover for those claims and may not assert them in an amended complaint.

explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself.[4] *Id.*

14. For the reasons stated above, Plaintiff's claims arising from his confinements ending prior to November 18, 2014, are barred by the statute of limitations and therefore are dismissed with prejudice. The remainder of the complaint, insofar as it seeks relief for conditions Plaintiff encountered during confinements ending on or subsequent to November 18, 2014, is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

15. An appropriate order follows.

**May 5, 2017**
Date

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
Chief U.S. District Judge

[4] The amended complaint shall be subject to screening prior to service.